**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**



| | |
|---|---|
| **LINDA B. HARRIS**, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] CV-01-N-3044-E |
| | ] |
| **COLONIAL BANK**, | ] |
| | ] |
| Defendant. | ] |

**Memorandum**

### I. Introduction

The present lawsuit was filed in the Circuit Court of Calhoun County, Alabama, on November 15, 2000. Plaintiff Linda Harris alleges a number of state law claims against her former employer, defendant Colonial Bank ("Colonial"), including termination in violation of the Alabama Age Discrimination in Employment Act, fraud, reckless and/or wanton supervision and/or training, and outrage. On December 14, 2000, the action was removed to this court on the basis of ERISA preemption and federal question jurisdiction pursuant to the federal Age Discrimination in Employment Act. This court remanded on the basis that a subsequent clarification of Harris' complaint by amendment demonstrated that jurisdiction in this court was lacking. On November 1, 2001, Colonial deposed Harris. Based on certain statements in that deposition, Colonial removed the case to this court for a second time on November 29, 2001. Before the court is Harris' motion to remand [Doc. # 6]. The issues have been fully briefed and are ripe for determination. Upon due consideration, the motion will be granted.



## II.     Removal based on the Alabama ADEA

Colonial argues that removal to this court is proper because Harris' claim under the Alabama ADEA will require the application of federal law, necessarily involving a federal question. To the extent that this argument is repetitive of the similar argument made in its first removal petition in this case, the court already dealt with the merits of this contention when it remanded the case on January 4, 2001. To the extent that Colonial asserts an argument in favor of removal that differs from the ADEA argument in its first removal petition, the court notes that nothing has changed over the course of litigation in state court that would make removal on this basis timely. Therefore, the court finds that Colonial's argument for removal pursuant to the ADEA is without merit.

## III.    Removal Based on ERISA Preemption[1]

Similarly unsupportive of removal is Colonial's argument that ERISA preempts Harris' claims. Colonial points particularly to portions of Harris' deposition in which she or her attorney indicate that while Harris does not seek damages for loss of benefits under a retirement or pension plan, she may contend that one of Colonial's motivations for terminating her employment at the time that it did was to save money under the pension and retirement plans covering Harris.[2] *See* Notice of Removal at Ex. B. However, Harris also indicated in her deposition that she was not contending that the decision to terminate her

---

[1] By resolving Harris' motion as it does, the court does not reach several issues raised by the parties' filings, including whether the interrogatories that Harris served on Colonial could have put Colonial on notice that Harris intended to raise the argument that Colonial fired her in order to save money on benefits.

[2] The court assumes without deciding that removal was timely, as to this second ground, based on the fact that the representations forming the basis of removal did not occur until Harris' deposition, which took place less than thirty days prior to the removal at issue in the present motion.

employment was based on an attempt by Colonial to avoid paying benefits under an ERISA plan. *See* Harris Dep. at 171. Although, as Colonial correctly argues, a claim of wrongful termination is preempted by ERISA if the employer's primary motivation for doing so is a desire to avoid paying benefits under a pension plan, *see Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990), Harris' deposition does not unambiguously set forth that she intends to argue that the reason her employment was terminated was Colonial's desire to avoid paying benefits to her under an ERISA plan.

While her deposition is patently ambiguous on the issue, plaintiff, through counsel, has made clear that she does not intend to argue that her employment was terminated by Colonial because Colonial wanted to avoid making payments to her under an ERISA plan. Counsel for plaintiff has unambiguously stated: "Since Plaintiff has not and will not make a claim for additional retirement benefits and has not and will not amend her complaint to allege that the motivation for her termination was for Defendant to pay less retirement benefits, there will not ever be a need for any court to consult an ERISA-covered benefit plan." Pla.'s Reply Br. at 7. The court accepts counsel's representation. However, counsel is warned that should Harris ever argue that one of the reasons Colonial fired her was to reduce or eliminate the amount of money it would have to pay to an ERISA-covered plan on Harris' behalf, the court will be more than willing (upon removal) to both revisit the question of preemption under ERISA and sanction counsel to the fullest extent allowed under applicable law.

## IV.    Conclusion

An appropriate order will be entered contemporaneously with this memorandum of opinion.

Done, this ____ of January, 2002.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE